IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | Civil Action No. H-09-CV-2083 |
| v. | § | |
| | § | |
| CHARLES KENNETH GILBREATH | § | |
| AND KRISTEN E. GILBREATH | § | |
| | § | |
| Defendants. | | |

**MEMORANDUM AND ORDER**

Appellant Wells Fargo Bank, N.A. ("Wells Fargo") appeals from a decision of the Bankruptcy Court in the Chapter 13 of Debtors Charles Kenneth Gilbreath and Kristen E. Gilbreath ("Debtors"). For the reasons that follow, the decision of the Bankruptcy Court must be reversed.

1. **BACKGROUND**

Wells Fargo holds a promissory note and a deed of trust from Debtors on property that serves as Debtors' principal residence (the "Property"). When Debtors initiated their Chapter 13 bankruptcy, Debtors had an escrow shortage of $3,589.36, consisting of funds incurred for Debtors' property tax and insurance obligations. Attorneys retained by Wells Fargo prepared and filed a proof of claim setting forth the amount, including the escrow shortage, that Wells Fargo claimed it was owed by Debtors. The attorneys were also to represent Wells Fargo generally in the bankruptcy. Wells Fargo later sought to collect from Debtors' bankruptcy estate the fees it had

incurred in connection with the proof of claim. Wells Fargo relied on language in the Deed of Trust that provides that, if Debtors fail to make payments due under the Deed of Trust, "or there is a legal proceeding that may significantly affect Lender's [i.e., Wells Fargo's] rights in the Property (such as a proceeding in bankruptcy . . . ) then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, . . . " In the next paragraph of the Deed of Trust, the relevant language provides that amounts disbursed by Wells Fargo in such circumstances becomes additional debt of Debtors and is secured by the Deed of Trust.

The Bankruptcy Court held, in a long, detailed and thoughtful opinion, that Wells Fargo could not seek reimbursement from the bankruptcy estate for the attorneys' fees incurred in the filing of the proof of claim. The Court held that the Chapter 13 did not qualify as a proceeding in bankruptcy that "may significantly affect Wells Fargo's interest in the Property." The Court's conclusion was based on the language of 11 U.S.C. § 1322(b) which protects creditors whose claim is "secured only by a security interest in real property that is the debtor's principal residence" from having their rights modified in Chapter 13.

2. **STANDARD OF REVIEW**

On appeal, a bankruptcy court's findings of fact are reviewed for clear error. *In re Pratt*, 524 F.3d 580, 584 (5th Cir. 1980). Conclusions of law are reviewed *de novo*. *In re Multiponics, Inc.* 622 F.2d 709, 713 (5th Cir. 1980).

III. **WHETHER WELLS FARGO WAS AT RISK OF BEING SUBSTANTIALLY AFFECTED**

On appeal, Wells Fargo argues that its interest in the Property could be substantially affected by Debtors' Chapter 13 bankruptcy. In its most persuasive argument, Wells Fargo contends that

Debtors had filed a proposed plan that did not provide for the Bank's escrow shortage. After Wells Fargo interceded, Debtors proposed a plan that provided for payment of senior tax liens and insurance so that Wells Fargo could receive payment of its escrow shortage.

In an apparent change from their stance in Bankruptcy Court, Debtors do not seriously contest Wells Fargo's argument. Debtors state: "If Wells Fargo chooses to participate in the bankruptcy process, [it] can file a claim. By filing a claim, Wells Fargo enjoys the ability to collect [its] pre-petition arrears through disbursements from the chapter 13 trustee, [it] can set [its] ongoing monthly payments to also be received from the Trustee and [it] can be assured that [it] get[s] notice of everything that happens during the bankruptcy case." Appellees' Brief at 6. The Court applauds counsel for Debtors on their candor. This Court sees the matter just as they do.

The language of Wells Farago's deed of trust will be – exactly as the Bankruptcy Court suggested – inadequate to recover its attorneys' fees in many bankruptcy proceedings. If Wells Fargo wishes to ensure that professional fees in bankruptcy are always treated as an additional indebtedness under the pertinent security instrument, it needs to include more precise language.

As Debtors acknowledge, however, this case requires a different outcome. In the particular circumstance of Debtors' proceeding, a failure by Wells Fargo to submit a proof of claim could have "significantly affect[ed] Lender's rights in the property" by delaying or even denying Wells Fargo's entitlement to the unpaid escrow amounts.

## IV. CONCLUSION

The case is remanded to the Bankruptcy Court for proceedings not inconsistent with this Memorandum and Order.

**IT IS SO ORDERED.**

Signed at Houston, Texas on this 12thday of February 2010.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE